## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF CLAIMS

This Confidential Settlement Agreement, General Release and Waiver of Claims Agreement (hereinafter "Agreement") is entered into by and between DANIEL E. ENCARNACION on behalf of himself and his heirs, successors and assigns (hereinafter collectively referred to as "ENCARNACION") and URBAN RETAIL PROPERTIES LLC, a Delaware limited liability company, its successors and assigns (hereinafter referred to as "URP").

WHEREAS, ENCARNACION filed a lawsuit in the United States District Court, for the Southern District of Florida, Case No. 10-23924-CIV-LENARD/TURNOFF for Fair Labor Standards Act ("FLSA") overtime claims against URP (the "Lawsuit");

WHEREAS, URP denies the Lawsuit and denies any and all liability to ENCARNACION; and

WHEREAS, ENCARNACION and URP prefer to avoid the uncertainties and expense of litigation over the Lawsuit.

NOW, THEREFORE, for good and valuable consideration, it is agreed as follows:

1.      **Mutual General Releases and Waivers of All Rights and Claims.**  In consideration of the payments and terms in this Agreement, ENCARNACION knowingly and voluntarily does hereby fully and generally release (a) URP and its successors and assigns; (b) URP's past and present officers, partners, managers, principals, shareholders, employees, directors, members, lawyers, and agents; (c) all of URP's affiliated or related corporations, partnerships, business entities, parent corporations, insurers or subsidiaries; and (d) all of the past and present officers, partners, managers, principals, shareholders, employees, directors, members, lawyers, agents, and Board of Directors of URP's affiliated or related corporations, partnerships, business entities, parent corporations, insurers or subsidiaries (the entities and persons referenced in (a), (b), (c) and (d) above in this Section are hereinafter collectively referred to as the "Released Parties") from any and all claims, causes of action, demands, damages, and liability now accrued on account of any claim or cause of action which ENCARNACION now has or may have against the Released Parties, regardless of whether such claims are known or unknown or discovered or not yet discovered.  ENCARNACION knowingly and voluntarily does hereby fully and generally waive any and all known and unknown and/or discovered and undiscovered rights, claims, losses, damages or demands which he has, had or may have against the Released Parties as of the date of the execution of this Agreement including, but not limited to, any and all claims arising from ENCARNACION's employment with any of the Released Parties, his separation of employment with any of the Released Parties, and/or any claim(s) under: Title VII of the Civil Rights Act of 1964, as amended; The Florida Civil Rights Act; The Americans with Disabilities Act; The Equal Pay Act; The Fair Labor Standards Act; The Family and Medical Leave Act; the Florida Whistleblowers Act; the Clean Indoor Air Act; any federal, state, local, or foreign civil or human rights law or any other federal, state, local or foreign law, regulation or ordinance; any public policy, contract, constitutional, common law, or tort theory (including, but not limited to, claims for negligence, negligent or intentional infliction of emotional distress, fraud, misrepresentation, unpaid wages, defamation, assault, workers' compensation, battery, false imprisonment, wrongful termination, invasion of privacy, breach of employment contract, or any type of claim for personal injury, etc,) whether based on common law or otherwise.  This waiver and release also waives and releases

ENCARNACION

URP

any claim or demand for loss or damages of any kind, including costs, fees, attorneys' fees or other expenses. The listing of claims waived in this Section 1 is intended to be illustrative rather than exhaustive. Thus, ENCARNACION acknowledges and agrees that this Agreement constitutes a full and final bar to any and all claims of any type that he now has, has had or may have against the Released Parties as of the effective date of the execution of this Agreement.

URP knowingly and voluntarily does hereby fully and generally release ENCARNACION from any and all claims and liability now accrued or hereafter to accrue on account of any claim or cause of action which URP now has or may have against ENCARNACION, regardless of whether such claims are known or unknown or discovered or not yet discovered. URP knowingly and voluntarily does hereby fully and generally waive any and all known and unknown and/or discovered and undiscovered rights, claims, losses, damages or demands which it has, had or may have against ENCARNACION as of the date of the execution of this Agreement including, but not limited to, any and all claim(s) arising from ENCARNACION' employment with URP and/or any other claim under federal, state, local or foreign law, regulation or ordinance; any public policy, contract, constitutional, common law, or tort theory (including, but not limited to, claims for negligence, fraud, misrepresentation, defamation, or breach of employment contract) whether based on common law or otherwise. This waiver and release also bars any claim or demand for loss or damages of any kind, including costs, fees, attorneys' fees or other expenses. URP acknowledges and agrees that this Agreement constitutes a full and final bar to any and all claims of any type kind that it now has, has had or may have against ENCARNACION as of the effective date of the execution of this Agreement.

**2.      No Lawsuits or Claims.**  ENCARNACION warrants and represents that he has filed no claims against URP or any of the Released Parties except for the Lawsuit. ENCARNACION further promises not to institute or have instituted on his behalf any lawsuit, claim in arbitration or similar proceeding against any of the Released Parties that he is waiving under this Agreement or that the parties intended that ENCARNACION would be waiving as shown in the express and specific language in Section 1 of this Agreement. ENCARNACION agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the Department of Labor, the EEOC, the FCHR or any other federal, state or local governmental agency or department.

**3.      Non-disparagement.**  ENCARNACION further agrees that in any and all conversations, writings or communications regarding URP or any of the Released Parties, that he shall make no negative or derogatory statements concerning URP or any of the Released Parties. ENCARNACION further agrees that he will not directly or indirectly contact members of the press or media, any federal, state or local governmental agency, or any past or present employees of any of the Released Parties in order to disparage the reputation or business practices of URP or any of the Released Parties, or inform of the nature and/or outcome of his claims against URP. URP agrees that in any and all future conversations, writings and inquiries, and in all recommendations in reference to ENCARNACION, URP shall make no negative or derogatory statements regarding ENCARNACION. URP agrees that it will make no disclosures concerning ENCARNACION's employment, except to state that pursuant to URP policy it can only confirm employment, job title, dates of service, rate of pay or to disclose other information as required by law.

**4.      Consideration.**  ENCARNACION agrees that in consideration for URP's agreement to pay ENCARNACION and his attorney the sum of Seven Thousand Five Hundred

ENCARNACION

URP

Dollars and 00/Cents ($7,500.00) payable in the form of three settlement checks as follows: the first settlement check to "Daniel Encarnacion" in the amount of Two Thousand Fifteen Dollars and 00/Cents ($2,015.00) as back overtime wages, less appropriate and applicable withholding ("Settlement Check No. 1"); the second settlement check to "Daniel Encarnacion" in the amount of Two Thousand One Hundred Dollars and 00/Cents ($2,100.00) representing $2,015.00 in FLSA liquidated damages plus $85.00 as other consideration for ENCARNACION's obligations in this Agreement, including but not limited to his General Release and Waiver of Claims in Section 1 above; and the third settlement check representing Plaintiff's attorney fees and costs payable to ENCARNACION's attorney "Edilberto O. Marban" in the amount of Three Thousand Three Hundred Eighty-Five Dollars and 00/Cents ($3,385.00) ("Settlement Check No. 3"), he will (a) dismiss the Lawsuit and release and waive all claims against the Released Parties in accordance with Sections 1 and 2 of this Agreement, and (b) keep and abide by all other promises made by ENCARNACION in this Agreement. ENCARNACION understands and agrees that URP's payments referenced above in this Section and is all that he is entitled to receive from URP as settlement of all claims released and waived in this Agreement. ENCARNACION understands and acknowledges that he would not receive the payments and benefits herein except for his: (a) agreement to dismiss the Lawsuit and release and waive all claims against the Released Parties in this Agreement, and (b) fulfillment of all other promises made by ENCARNACION in this Agreement. ENCARNACION agrees that URP's payments referenced above in this Section constitutes adequate and ample consideration to ENCARNACION for the rights and claims that ENCARNACION is releasing and waiving under this Agreement and for the obligations imposed upon ENCARNACION by virtue of this Agreement. URP will pay the 100% of the mediator's fee for the mediation on March 4, 2011.

**5.  Dismissal of Claims.**  Upon the execution of this Agreement, ENCARNACION and URP, by and through their respective attorneys, will enter into a Stipulation for Dismissal with Prejudice of all claims in S.D. Fla. Case No. 10-23924-CIV-LENARD/TURNOFF with the parties bearing their own attorney fees and costs and with the Court reserving jurisdiction to enforce the terms of the Agreement. The Stipulation for Dismissal with Prejudice attaches this Agreement for approval by the Court and will specifically state that the ENCARNACION has been fully compensated for all moneys he could be possibly owed in the Lawsuit.

**6.  Delivery of Payments.**  URP will deliver the settlement checks referenced in Section 4 to ENCARNACION's attorney, The Law Offices of Eddy O. Marban, Ocean Bank Building, 782 N.W. LeJeune Road, Suite 350, Miami, Florida 33126 within ten (10) days of the Parties' execution and delivery of their executed counterparts of this Agreement. All delivered settlement checks shall be held in trust by The Law Offices of Eddy O. Marban without dispersal until after ENCARNACION's delivery of this fully executed Agreement to URP and the Court's entry of an Order of Dismissal with Prejudice.

**7.  No Re-employment.**  ENCARNACION agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with or to provide services in any manner to the Released Parties. ENCARNACION further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

**8.  Confidentiality.**  ENCARNACION agrees to keep confidential all of ENCARNACION's claims against URP and all allegations, facts or circumstances ENCARNACION believes support any claim or claims against URP, including but not limited any

ENCARNACION

URP

allegations in the Lawsuit. ENCARNACION agrees that he will not discuss or communicate about such claims and allegations, facts or circumstances believed to support any claim or claims with any person except his spouse, ENCARNACION's attorney or ENCARNACION's accountant (collectively, "ENCARNACION Permitted Persons").   ENCARNACION also understands and agrees that this Agreement is a confidential document, as are all of the terms and conditions expressed in this Agreement. ENCARNACION agrees that he will not discuss this Agreement, the terms and conditions of this Agreement, or the circumstances related thereto, with any other person except ENCARNACION Permitted Person.   In the event ENCARNACION discusses this Agreement or his claims with any ENCARNACION Permitted Persons, it shall be his duty, responsibility, and obligation, as the case may be, to advise such person(s) of the confidential nature of this Agreement and to direct them not to discuss the terms of this Agreement or his alleged claims with any other person. ENCARNACION shall be fully and completely responsible for any breach of this confidentiality provision by him, and vicariously liable for any such breach by ENCARNACION Permitted Person.

If at anytime ENCARNACION is contacted by any person or entity, including but not limited to any past, present or future URP employees or their representatives, inquiring or informing about URP or any of the Released Parties, ENCARNACION shall respond "I don't want to talk about URP" or words to that effect. ENCARNACION shall not at anytime imply or state in any manner that he had, resolved or settled the lawsuit or any claim with URP. In the event ENCARNACION is subpoenaed or otherwise legally compelled to testify about any matters concerning URP or his employment with URP, it shall be ENCARNACION's duty to notify URP in writing within three (3) days of his receipt of such subpoena or legal compulsion by sending correspondence (with confirmation of receipt) to Steven M. Parrish, Esquire, c/o Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, Florida 33401, Facsimile Telephone No. (561) 655-1109. ENCARNACION shall afford URP a reasonable time period to object to the subpoena or legal compulsion, and shall not provide any such testimony and/or documents including this Agreement until URP's objection rights are exhausted or waived.

9.      **Liquidated Damages Provision.** ENCARNACION agrees that in the event he breaches any of his non-confidentiality obligations set forth in Section 8 of this Agreement that URP shall be entitled to liquidated damages in the amount of $500.00 to compensate it for each breach. ENCARNACION acknowledges that URP would not have entered into this Agreement but for ENCARNACION's agreement to Section 8 and this liquidated damages provision. ENCARNACION further acknowledges that the damages caused by such a breach would be difficult to measure and that the liquidated damages herein are not disproportionate to the damages that could be reasonably expected as a result of any breach of Section 8 by ENCARNACION.

10.      **Settlement and Settlement Agreement is Inadmissible and Irrelevant in any Lawsuit, Claim or Proceeding.** The parties agree that this Agreement and URP's payment of the settlement proceeds pursuant to Section 4 herein is not an admission that ENCARNACION was entitled to or otherwise owed any damages under the Fair Labor Standards Act and shall not be used in any manner whatsoever to prove any liability or fact in any present or future lawsuit, litigation or proceeding against any of the Released Parties. Except for enforcement of the Parties' obligations in this Agreement, the parties agree that all aspects of the settlement and this Agreement and its contents are inadmissible in and irrelevant to any present or future lawsuit, litigation or proceeding against any of the Released Parties. The parties understand and agree that URP denies any and all liability to ENCARNACION and that this Agreement and any testimony about or related to this Agreement, including URP's payments of the

ENCARNACION

URP

consideration agreed to in Section 4, cannot and will not be used to establish any liability against URP or any Released Party or to bolster or impeach the testimony of any witness or party, including but not limited to any past, present or future officer, director, agent or employee of any of the Released Parties at any deposition, hearing, trial or other proceeding. ENCARNACION understands that URP would not be paying the consideration agreed to in Section 4 of this Agreement without his agreement in this Section.

**11.    Encouragement to Consult Attorney; Time to Consider.**  URP is hereby encouraging ENCARNACION to consult with an attorney about this Agreement, and ENCARNACION acknowledges that he has, in fact, been represented by The Law Offices of Eddy O. Marban in this matter and has consulted with his attorney(s) at The Law Offices of Eddy O. Marban before signing this Agreement.  ENCARNACION acknowledges that he has had a reasonable period of time to consider this Agreement before executing it.

**12.    Effective Date.**  This Agreement becomes effective immediately upon execution by the parties.

**13.    No Admission of Wrongdoing or Liability.**  ENCARNACION agrees and acknowledges that URP denies any liability to ENCARNACION.  ENCARNACION agrees that this Agreement and/or the furnishing of any consideration under this Agreement shall not be construed as, interpreted as or used to prove (a) any liability by URP, or (b) unlawful conduct by URP.

**14.    Governing Law, Severability, and Interpretation.**  This Agreement, and only this Agreement, shall be governed and construed in accordance with the laws of the State of Florida.  If any provision, sentence, clause or word in this Agreement is declared illegal or unenforceable and if the provision, sentence, clause or word cannot be modified to be enforceable, then the illegal or unenforceable provision, sentence, clause or word (to the narrowest extent possible) shall immediately drop out of the Agreement and become null and void, leaving the remainder of this Agreement in full force and effect.

**15.    Entire Agreement.**  This Agreement sets forth the entire agreement between ENCARNACION and URP and shall supersede any and all prior agreements or understandings, whether written or oral, between the parties.  ENCARNACION acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement except for those set forth in this Agreement.

**16.    Tax Liability.**  ENCARNACION agrees that he is responsible for any and all tax liabilities, if any, resulting from URP's payment of the settlement proceeds referenced in Section 4 of this Agreement. ENCARNACION agrees to indemnify, defend and hold harmless URP for any tax liability or legal action brought against it as a result of the payments in Settlement Checks No. 2 and Settlement Check No. 3.

**17.    Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall constitute one and the same instrument.   Additionally, the different counterparts of this Agreement may be executed separately by the parties, and all such separately executed counterparts, when taken together, shall be treated in all manner and respect as an original document.

**18.    Full Payment for the Claim.**  ENCARNACION specifically agrees and represents that the amount of the settlement paid pursuant to this Agreement is not a

ENCARNACION

Page 5 of 6

URP

compromise of his claims in the Lawsuit and actually constitutes full payment of all overtime, liquidated damages, and reasonable attorney fees and costs that ENCARNACION is owed for the claims in the Lawsuit.

19.   **Modification Only in Writing.**   Neither this Agreement nor any provision hereof may be changed, waived, discharged or terminated, except by a subsequently executed instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, ENCARNACION AND URP FREELY KNOWINGLY, AND AFTER DUE REFLECTION, ENTER INTO THIS AGREEMENT.**

DANIEL ENCARNACION:

Date: 3/17/11

URBAN RETAIL PROPERTIES LLC, a Delaware limited liability company:

By: Brian Alper

As its: Senior Vice President of HR

Date: 3·15·11

STATE OF FLORIDA
COUNTY OF Miami-Dade

The foregoing instrument was acknowledged before me this 17th day of March, 2011 by DANIEL ENCARNACION. He is personally known to me or has produced Driver's License as identification.

(Signature of Notary Public)

MONICA VALENZUELA
Comm# DD0787870
Expires 5/12/2012
Florida Notary Assn., Inc

(Typed name of Notary Public)
Notary Public, State of Florida
Commission No.
My commission expires:

STATE OF ILLINOIS
COUNTY OF COOK

The foregoing instrument was acknowledged before me this day 15th of March, 2011, by BRIAN Alper as Sr. V.P. of URBAN RETAIL PROPERTIES LLC, a Delaware limited liability company, on behalf of the limited liability company. He/she is personally known to me or has produced _____ as identification.

Krista Connell
(Signature of Notary Public)
Krista Connell
(Typed name of Notary Public)
Notary Public, State of ILLINOIS
Commission No. 497310
My commission expires: 10/24/11

Official Seal
Krista Connell, Notary Public
Cook County, State of Illinois
My Commission Expires October 24, 2011

ENCARNACION

URP